United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH E RUBINO, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA, et al.,<br>Defendants. | Case No. 26-cv-06862-PCP<br>**ORDER GRANTING MOTIONS TO SUBSTITUTE AND DISMISS**<br>Re: Dkt. Nos. 6, 15 |

Plaintiffs Joseph E. Rubino, Christy Montano, and James Rubino sue Santa Clara County, Dr. Chung T. Tran, Gardner Health Center, Valley Health Center, State Farm Mutual Automobile Insurance Company, the California Department of Insurance, and California Insurance Commissioner Ricardo Lara for injuries stemming from a car accident in Truckee, California, and related conduct. The United States now moves to substitute itself for defendants Dr. Tran and Gardner Health and to dismiss plaintiffs' claims for failure to exhaust administrative remedies. Dkt. No. 6. Plaintiffs move to remand to state court. Dkt. No. 15.

**BACKGROUND**

Plaintiffs Joseph E. Rubino, Christy Montano, and James Rubino bring their complaint for events arising from a car accident in Truckee, California, located in Nevada County.[1] Complaint, Dkt. No. 1-1, at 2. Plaintiffs report that they were driving along a "long curve" on the freeway where the speed limit was 70 miles per hour and that the "driver came from behind blind corner Curve, at least 75-80 [miles per hour] he didn't see us and that's why [he] clip[p]ed the Driver[']s

[1] For the purposes of the instant motions, the Court assumes the truth of the plaintiffs' complaint, with an emphasis on the factual allegations as they relate to defendants Tran and Gardner Health Center.

side rear." Complaint at 4. The other driver's truck spun backwards while the plaintiffs' vehicle "knocked us almost into [the] side of [a] hill." Complaint at 4. Plaintiff, presumably Joseph Rubino, said that his "girlfriend [Christy Montano] and Brother [James Rubino] had whiplash." Complaint at 5. Joseph Rubino reports shoulder pain in both arms, pain in his right hip, and states that he had worked "for over 30 years … in fiberglass, Asthma, and acid reflux, Apnea." Complaint at 6. Joseph Rubino also reports that he has to sleep and lay on his right side because of physical pain of lying in other positions.

Plaintiffs allege that when Joseph Rubino sought treatment at clinics, they would not treat him because his injuries stemmed from a car accident. Complaint at 7. Plaintiffs allege that Dr. Chung T. Tran declined to see Joseph Rubino when Dr. Tran "found out [he] wanted to be seen on some issues [arising from] complications from a car Accident." Complaint at 3. Dr. Tran allegedly sought to have one of the plaintiffs "re assign[ed] [to] another Dr." Complaint at 3.

Plaintiffs allege that they are filing their claim "under the tort act." Complaint at 8. Plaintiffs argue that Santa Clara County did not treat them well and that they want the County "to have [to] compensate us for the total disrespect of non treatment."

Plaintiffs assert various tort claims against Santa Clara County, Dr. Chung T. Tran, Gardner Health Center, Valley Health Center, State Farm Mutual Automobile Insurance Company, the California Department of Insurance, and Ricardo Lara. Complaint at 1, 10.

## ANALYSIS

### I. Motion to Substitute

Plaintiffs did not name the United States as a defendant in their initial action in state court. The United States removed the case to this Court on the ground that it could properly substitute itself in place of Dr. Tran and Gardner Health Center. Dkt. No. 1. The United States now moves to be substituted as a party in place of Dr. Tran and Gardner Health Center.

42 U.S.C. § 233(c) establishes procedures for removing a tort action against the United States to federal court. The statute provides, "Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed

United States District Court
Northern District of California

without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of title 28 and all references thereto."

The United States has certified that Dr. Tran and Gardner Health were acting within the scope of their employment as agents of the Public Health Service. Dkt. No. 1-2. Pamela Johann, Chief of the Civil Division of the U.S. Attorney's for the Northern District of California, certified that Gardner Health Center and Dr. Tran are deemed employees of the Public Health Service pursuant to 42 U.S.C. § 233(g). Dkt. No. 1-2, at 1–2. Thus, pursuant to 42 U.S.C. § 233, the United States is properly substituted for defendants Gardner Health Center and Dr. Tran. *See D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) ("Upon certification that the defendant employee was acting with the scope of his employment at the time of the incident giving rise to the suit, the case must be removed and the proceeding deemed a tort action brought against the United States under the [Federal Tort Claims Act]."). Accordingly, the United States's motion to substitute itself for defendants Gardner Health Care and Dr. Chung Tran is granted.

**II. Motion to Dismiss**

Because plaintiffs' claims regarding Dr. Tran and Gardner Health now constitute claims against the United States, those claims are governed by the Federal Tort Claims Act. A plaintiff suing the federal government under the Federal Tort Claims Act must exhaust administrative remedies before suing in court. 28 U.S.C. § 2675(a) provides, "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *See also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Here, there is no indication that plaintiffs ever presented their claims to the Department of

United States District Court
Northern District of California

Health and Human Services or otherwise pursued redress for their claims through the relevant administrative remedies. Plaintiffs do not establish that they presented, let alone exhausted, their claims, and instead suggest that "equitable tolling of FTCA deadline" is proper. Motion to Remove Case Back to State Court at 2. But whether or not they may be able to rely upon equitable tolling to justify the prosecution of their FTCA claims in the future, plaintiffs' failure to exhaust their administrative remedies prior to initiating this action precludes the Court from allowing their claim to proceed. *See McNeil*, 508 U.S. at 112.

Because "Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process," plaintiffs cannot exhaust their administrative remedies and then file an amended complaint in this action. *Id.* (emphasis added). Instead, the Court must dismiss the plaintiffs' claims against the United States without leave to amend. *Id.*

The dismissal of plaintiffs' claims against the United States is without leave to amend but without prejudice. To the extent plaintiffs are able to exhaust their administrative remedies in the future, they may be entitled to file a new action against the United States or re-add the United States to this action. *See Vassilev*, 858 F.3d at 1246–47.

**III. Motion to Remand**

Plaintiffs move to remand, arguing that removal was untimely because it should have occurred within 30 days of plaintiffs' filing suit in state court on September 24, 2025. Motion to Remove Case Back to State Court, Dkt. No. 15. But as the United States points out, 42 U.S.C. § 233(c) permits removal "at any time before trial." That deadline governing the specific scenario presented here prevails over 28 U.S.C. § 1446's general requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." Plaintiffs also argue that "when there are multiple defendants there should be consent notice." Motion to Remove Case Back to State Court at 5. But § 233(c) does not require the consent of all defendants prior to the United States's removal of an action to federal court.

Nonetheless, now that the federal FTCA claim has been dismissed, there is no obvious basis for this Court's subject-matter jurisdiction. As a result, the remaining lawsuit, which encompasses plaintiffs' claims against the defendants other than the United States, Dr. Tran, and

United States District Court
Northern District of California

Gardner Health Center, must be remanded to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

For the reasons stated above, the motion to substitute the United States for Dr. Chung T. Tran and Gardner Health Center is granted, and the motion to dismiss plaintiffs' claims against the United States is granted. Dkt. No. 6. The dismissal is without prejudice and without leave to amend. The motion to remand is granted. Dkt. No. 15.

**IT IS SO ORDERED.**

Dated: September 28, 2026

P. Casey Pitts
United States District Judge